HLD-023                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 26-2388

_____

IN RE: EUSTACIO GREGORIO-MEZA,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2:26-cv-02450)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 2, 2026

Before: CHAGARES, *Chief Judge,* HARDIMAN and RESTREPO, *Circuit Judges*

(Opinion filed July 16, 2026)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Eustacio Gregorio-Meza, a federal prisoner currently incarcerated

at FCI-Fort Dix, filed a petition in the District Court pursuant to 28 U.S.C. § 2241

challenging the Bureau of Prisons' computation of his sentence. On May 4, 2026, the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court dismissed and denied the petition. On May 5, 2026, Petitioner filed an emergency motion for reconsideration, and, on May 12, 2026, he filed a request for an immediate ruling on that motion.[1] Those filings remain pending in the District Court.

Three weeks later, on June 2, 2026, Petitioner filed a petition for a writ of mandamus asking this Court to order the District Court to grant his emergency motion for reconsideration or, in the alternative, order the warden at FCI-Fort Dix to release him.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, Petitioner must show that he has no other adequate means to obtain relief, and that he has a clear and indisputable right to the writ. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). A writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

We cannot conclude that the District Court has failed to exercise jurisdiction or that its actions otherwise warrant the extraordinary remedy of mandamus. The District Court has exercised jurisdiction and managed the case in a timely fashion. Moreover, mandamus cannot be used as a substitute for an appeal. *See In re Briscoe*, 448 F.3d 201,

---

[1] For purposes of this mandamus petition only, we reference the dates that Petitioner signed his filings, but we have not considered whether he would satisfy the requirements of the prison mailbox rule.

212 (3d Cir. 2006).  We are confident that the District Court will rule on Petitioner's pending requests in due course.

Accordingly, we will deny the mandamus petition without prejudice to Petitioner's filing another mandamus petition if the District Court does not act without undue delay.